21-2491, 29-4630, 82-371 I understand Mr. Rosenberg has arrived, and so we'll proceed with the argument in that case. Mr. Rosenberg, whenever you're ready. Your honors, may it please the court, and at the outset I'll just say it's not respectful or okay or acceptable that I was running late to oral argument. I don't want to reflect on my claim. Don't worry about it. Thank you again. In any event, this is a case where the biggest issue, in my view, is venue. The Southern District was not the appropriate venue for this case because if we could prosecute this case in the Southern District, we could touch any defendant across the country based on merely a bank conspiracy, where clearly in this case there was not even a preponderance of evidence showing there was a knowledge by the defendant. Mr. Victor Ahaiwe, who I represent, Victor Ahaiwe of these three, who was in California, had no foreseeability as to anything going beyond this local conspiracy, and if it was a conspiracy even locally, but we don't think that was proved either beyond a reasonable doubt. Venue, I think, is distinguished on two cases here. There's the Lange case, right, which is a little older, from 2016, United States v. Lange out of the Second Circuit, and there's also the Ho case, which is cited by my friends across the aisle excessively, I think. In the Ho case, it involved a fact pattern of very extensive bulldozing fraud through banks, where the person prosecuted was very aware it was an international scheme, it was within the United States as well, and he knew what he was doing across these boundaries and waters, and it included also banks in New York. As to in the Eastern District, I think in that case, if I'm not mistaken, as to Lange, the court made it very clear of these factors. This court had said to support a finding of venue, in this case the Eastern District, the evidence must have been sufficient to establish that, and among the factors was these acts were foreseeable to the defendants. It cites another case for the Second Circuit, Svoboda, 347 F3D at 483, by the way, is where that specific quotation would be coming from. In any event, Lange is the case we would ask this court to follow because the facts follow most closely to the facts in this case. Reading the transcript, it's very hard to understand what Mr. O'Haraway even knew within his own locality. It's one of those cases where, and this is the other issue, the 404 evidence that was allowed in, which we believe was even as plain error, it was obvious plain error, even on that standard, even if it wasn't preserved properly, it was error that must be reversed because there was no relationship shown between the prior identity theft allegations or bad acts and the actual indictment alleging SZV, this organization, was the object of the conspiracy. And what's remarkable in the case, Mr. O'Haraway, no knowledge was shown about, in his head or in his intent, regarding SZV. Well, so there's the text messages between your client and Mr. Bass where he refers to you guys, and so couldn't a jury find from that that he was aware that he was part of a conspiracy? Not one that would touch the southern district and certainly not one that would touch a bank beyond the local bank if the jury were interpreting those texts, of course, to convict. But otherwise, no, Your Honor. I thought your argument was that he thought he was, you know, that he was working alone. Well, this is kind of one of the issues when you have a client who's, you know, even the court, I'll say on the record, questioned his capacity at sentencing, right? So when you have a client who writes numerous letters to the court and has a lot of ideas in their head, sometimes you believe they are working alone when they say to you they were working and doing their own thing and they were a patsy involved. The record kind of shows that, I think, at sentencing, the way he spoke about CIA conspiracies and other nonsense. So all that being said, I don't know if the jury saw that, but he certainly, I think, believed in his mind he was working alone, which is maybe relevant here. Besides that, we think our briefs are clear. We're not going to add more time to this. We think the distinguishing cases are clear. The bigger issue is always more than the defendant. I don't need a lecture to the court. But the Southern District can now touch anything, and that needs to stop. There are other federal courts that can prosecute these cases, whether more favorably, whether less favorably, doesn't matter. They're all the same. And bringing them out here for a prosecution just for convenience, perhaps, I don't know. I don't know the motive. It's not appropriate. This is not a sovereign district, the Southern District. They are just a district court, like all of the other district courts we respect, and we hope uphold their jurisdictional and venue obligations. Therefore, we ask for reversal. We ask it also be remanded on the other points put forward in our briefs and reply. And the reply, I would encourage the court to read very closely. Thank you very much. Thank you, counsel. You've reserved a few minutes for rebuttal. We'll hear from the government. Thank you. Good morning, and may it please the court. My name is Jun Xiang, and I represent the United States on this appeal, as I did in the trial and proceedings below before Judge Cote. The defendant was convicted at trial based on evidence and testimony that was properly admitted. That evidence was more than sufficient to support the jury's guilty verdict as to each of the three counts of conviction, including the appropriateness of venue, which was not contested in trial and was not contested in any appropriately filed Rule 29 or Rule 33 motions below. Since Mr. Rosenberg focused on venue, let me start by addressing it. I think first it's important to note that the government's view is that venue here has been waived and forfeited. The case law in the circuit, including Didoan, which we cite in our brief, are very clear that unless venue is specifically contested in a properly filed motion for acquittal, that it can be forfeited. It has been forfeited here. And the government will note that the reasonable foreseeability argument is one that was not even raised, even in the appellant's opening brief before this court. It was raised for the very first time in the reply brief. In any event, under any standard of review, venue was appropriately shown before the jury. The evidence at trial included, among other things, testimony from an FBI agent who interviewed Mr. Ahiwe a few months before the specific transactions that were the subject of trial. During that interview, which concerned prior international money laundering proceeds that Mr. Ahiwe received, the FBI agent showed the defendant what was admitted as Government Exhibit 703, which were wire transfer records showing a number of international wires from other countries to an account controlled by Mr. Ahiwe, and showing that each of those wires traveled through correspondence banks located in New York, New York, in the Southern District of New York. Given the fact that Mr. Ahiwe saw those records very recently before committing the offense that was the subject of trial, certainly it was reasonably foreseeable to him in laundering the proceeds that were the subject of trial that those proceeds, too, traveled through the Southern District of New York. In this connection, the government notes that the standard here is not actual knowledge, is not belief. It's reasonable foreseeability. Would you have that without him having seen those records? I think it would be at least a somewhat closer question, Your Honor. I think there is case law in other contexts. For example, we cite a case in the investment context where someone in the investment world, a stockbroker, you know, I think a jury could draw a reasonable inference that that person would understand that certain securities would be listed on stock exchanges, et cetera. I think in the absence of that specific evidence, it would be a closer question, although I think a fair inference could still be made by the jury that someone like Mr. Ahiwe, who's a serial fraudster who's kind of received proceeds in these types of cases before, that he understands how international wire transfers work. If there are further questions from the court, I'm happy to address them. If not, the government will rest on its submission. Thank you, counsel. Mr. Rosenberg. Your Honors, I believe we've preserved in our post-judgment motions for acquittal and setting aside the verdict as to the venue issue. I think what my friend across the aisle is referring to is the court said it was untimely, but did hear it on the merits, and we appeared for it, and we actually argued it. Does that make just two alternative grounds? That's correct, Your Honor. You said you still have to overcome the waiver question. That's true. That's 100% true. I would just also finally add SCV, that is what the indictment was about. And as my friend across the aisle says, it could be a closer call perhaps. This case was about Ahiwe, the one I'm talking about. The indictment, my client, there's not really a connection as to even knowledge or foreseeability. This is an indictment about something separate from my client, even if funds touched SCV in some way. But we're getting to a domino effect that goes way too far if we're saying this is sufficient to convict somebody. Because it always turns into a new conviction on these dominoes, and I do bank fraud on the dominoes. Wires, yes, we have to protect them across lines, but there are proper jurisdictions, proper venue to do that. In any event, it was not proved beyond a reasonable doubt, or even I'd say by the lowest standard of preponderance of the evidence, or even some kind of sufficiency of the indictment. We didn't make the argument, but it's very clear this is about SCV. There was no knowledge or even foreseeability as to Mr. Ahiwe and SCV. The indictment should match the defendant. They should merge and marry in some sense. There was no joint marriage, and they were divorced at all times in this case. And for those reasons, we ask again for reversal remand. Thank you for your time. Thank you, counsel. Thank you both. We'll take the case under advice.